JOHN DOBBS, Respondent, v. CATES' ESTATE, Appellant.

Kansas City Court of Appeals, January 28, 1895.

1. **Appellate Practice:** WEIGHING EVIDENCE: JURY QUESTION. Where the defendant's evidence tends strongly to overthrow that of plaintiff, the matter is peculiarly for the determination of the jury, and the appellate court can not interfere.

2. **Trial Practice:** ADMINISTRATION: AFFIDAVIT TO DEMAND: INSTRUCTION. An affidavit to a demand against an estate is not proper evidence, but it is proper to refuse an instruction to that effect, where the affidavit has not been offered in evidence nor referred to during the trial.

3. **Instructions:** UNFORTUNATE WORDING: HARMLESS: SMALL VERDICT. An instruction set out in the opinion though unfortunately worded, is harmless, since the verdict is less than its misleading sense would require; and it's no objection to a verdict against the party objecting, that it is less than the evidence showed it should have been, following *Powell v. Railroad*, 59 Mo. App. 335.

4. ———: DECLARATIONS AND ADMISSIONS: COMMENTING ON EVIDENCE. An instruction in relation to declarations and admissions, while it embodied a correct proposition of law, is properly refused, since it singles out specific matter for the attention of the jury.

5. ———: AMENDMENT OF: STATEMENTS: RELATIONSHIP. Certain instructions relating to statements of the deceased and to family relationship of the parties, are *held*, to have been properly amended by the court.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Ira E. Barber, Wm. O. Mead* and *T. T. Loy* for appellant.

(1) We submit that there was no testimony on the trial in the court below to sustain the finding of the jury. (2) The instruction given by the court on the motion of the plaintiff, in effect, told the jury to find a verdict for the plaintiff for $118.35, if they found the deceased was indebted to the plaintiff in any sum, and is misleading. (3) Defendant's first instruction should have been given. It is expressly provided by statute that the affidavit of a party seeking to have a demand allowed against an estate shall not be evidence. Revised Statutes, 1889, sec. 194; *Koch v. Hebel,* 32 Mo. App. 103; *Wein v. Thinnan,* 90 Mo. 433. (4) That the statements and admissions and declarations of a party to a cause, may be used in evidence against him, there can be no question, and defendant's second instruction should have been given. (5) Defendant's third instruction fairly stated the law under the testimony and should have been given.

*W. C. Hastings* for respondent.

ELLISON, J.—This action is based on an account for services rendered, for corn and oats furnished to deceased, and for board of deceased. The account was for $126.85, with a credit of $8.50, leaving a balance of $118.35. The plaintiff prevailed in the probate court, and, on appeal, in the circuit court.

The judgment is attacked, for the alleged reason

that there is no evidence supporting it.   We have read the record, and find there was evidence upon which the jury could make a finding for plaintiff.   Defendant's evidence tended strongly to overcome that for plaintiff, by showing that plaintiff, since the death of deceased, had made statements inconsistent with his claim.   But this plaintiff denied.   It was further shown that plaintiff was owing deceased a note and interest, and that he paid interest after this claim accrued.   This will not authorize us, as a matter of law, to say that deceased did not also owe plaintiff.   The matters of dispute were peculiarly for the determination of the jury, and we can not interfere.

Defendant asked the court to instruct the jury, that plaintiff's affidavit to the claim was not evidence in his behalf.   The court refused the instruction, and, we think, properly.   The affidavit had not been offered as evidence, nor referred to.   There was no occasion for such instruction.   It is true the affidavit is not proper evidence.   *Koch v. Hebel*, 32 Mo. App. 103.   And in that case Judge RAMSAY, speaking for the court, held it to be improper for the attorneys to comment, in plaintiff's behalf, on the fact that he had made an affidavit to his demand.   But there is nothing in that case which countenances the idea of introducing the affidavit into the case by an instruction, when it had not been mentioned in the trial.

It is next objected, that the court erred in giving the following instruction for plaintiff: "The court instructs the jury, that if you believe from the testimony that the estate of M. M. Cates, deceased, is indebted to the plaintiff, John Dobbs, in the sum of $118.35, or any other sum, you will find for him in that sum."   The instruction is unfortunately worded, yet we do not believe it was understood by the jury as directing that if they found any sum for plaintiff, they

should find $118.35. The verdict itself shows this, since it was for $75. Neither is it a valid objection to a verdict against the party objecting, that it is for a less sum than the evidence in his behalf showed it should have been. The jury, in such cases, on such matters of account, are not bound by the amount stated by witnesses. *Powell v. Railroad*, 59 Mo. App. 335.

The instruction refused for defendant, which declared that the declarations and admissions of plaintiff could be considered by the jury as any other evidence, embodied a correct proposition of law. But it was not error to refuse it in an instruction, since it is liable to the objection, so frequntly referred to by the courts, of singling out a specific matter for the attention of the jury.

We are of the opinion that the court's amendment of plaintiff's third instruction, was proper enough. We think the court would not have been justified in characterizing deceased's statements of having employed plaintiff and of his obligation to pay him, as "loose expressions." Nor was there anything in the case which would have justified the court in calling attention to "family relationship," since there was no such relationship shown here as would rebut the usual presumption that compensation follows the performance of service in the absence of anything showing a contrary intention. The instruction, as amended by the court, was properly given.

We believe the jury was properly directed, and if they have erred in their conclusion on the facts it is not in our power to correct the error, since by law the jury must determine such qnestions. We can not weigh the testimony without usurping functions not committed to us. The judgment is affirmed. All concur.