## JAMES R. McALISTER, Respondent, v. ROBERT L. IRVINE, Appellant.

### St. Louis Court of Appeals, February 23, 1897.

1. **Damages**: EVIDENCE, COMPETENCY OF. In an action for damages for the death of one of a span of horses hired to defendant, alleged to have been caused by overdriving and beating, the testimony of plaintiff as to the condition of the other horse was not improper, where defendant admitted that the horses were driven a considerable distance on a hot day carrying a buggy occupied by himself and another.

2. ———: INSTRUCTION: VERDICT. An instruction to the jury omitting to limit the amount of plaintiff's recovery to the sum claimed in his statement was without prejudice to defendant, where the verdict was for less than the amount of the claim.

3. **Instruction.** An instruction asked by defendant, singling out and commenting on an isolated fact, was properly refused.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Fagg & Ball* and *Tapley & Fitzgerrell* for appellant.

*Clark & Dempsey* for respondent.

BOND, J.—Plaintiff sued before a justice for $75 as damages for the death of his horse, alleged to have been caused on the fourteenth of September, 1895, by

overdriving and beating on the part of the hirer. Plaintiff had judgment before the justice and again on defendant's appeal in the circuit court, whereupon defendant has appealed to this court.

On the trial plaintiff adduced evidence tending to prove the allegations of his statement, and defendant gave evidence tending to establish his defenses that the death of the horse was not caused by negligent driving or beating, but by a stomach disease. The court submitted the issues to the jury in instructions of its own motion, and one given at defendant's request.

It is complained that the court erred in admitting plaintiff's testimony as to the condition of the other horse, which, together with the one sued for, constituted the team hired to defendant. This evidence was

DAMAGES: evidence, competency of.

not improper under the facts admitted by defendant in this record. He states that the two horses were driven by him on the day in question, about forty miles, carrying a buggy occupied by two persons. As the horses were driven with this load such a distance on a hot day, September 14, 1895, the condition of one tended in some degree to show the character of the driving to which both had been subjected.

It is further complained that instruction number 1, given of the court's motion, does not limit the amount of plaintiff's recovery, except to the "reasonable worth

INSTRUCTION: verdict.

of the horse on the market." This instruction would have been free from this objection if it had also stated that plaintiff's recovery could not exceed the sum claimed in his statement. This omission could not have prejudiced the defendant, for although the damages were laid at $75 in the statement, the verdict was only for $60. An examination of the instructions given discloses that they directed the jury to find for defendant, if they be-

lieved from the evidence either that the horse was driven" as an ordinarily prudent man would drive a livery horse," or that his death was caused by disease. It thus appears that none of the defenses made in this case were ignored.

Neither did the court err in refusing thereafter an instruction requested by defendant to the effect that the fact *alone* of the death of the horse on the day which he was driven would not justify a verdict for plaintiff. This instruction improperly singled out and commented on an isolated fact.

INSTRUCTION.

Finding no reversible error in the judgment, it will be affirmed. All concur.