McKnight-Keaton Grocery Co. v. Hudson.

---

McKNIGHT-KEATON GROCERY COMPANY, Appellant, v. HUDSON et al., Respondents.

St. Louis Court of Appeals, February 13, 1906.

ATTACHMENT: Interplea: Instructions Singling out Evidence. On the trial of an interplea in an attachment suit, where the interpleader claimed to have bought the property attached an instruction which told the jury that if the interpleader sought to assume all the indebtedness of the defendant in the attachment suit his purchase was in good faith, was erroneous as singling out a portion of the evidence and seeking to establish a verdict upon it.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

REVERSED AND REMANDED.

*Brewer & Collins* for appellant.

(1) The giving of said instruction was error because it singles out particular facts and declares that as a matter of law if such facts are established the jury shall give the verdict accordingly. Copp v. Hardy, 32 Mo. App. 588; Meyer v. Pacific R. R. Co., 45 Mo. 137; State v. Holmes, 17 Mo. 379; Kendig v. Railroad, 79 Mo. 207. (2) This instruction being in the nature of a comment on the evidence, is improper and should not have been given. Rose v. Spies, 44 Mo. 20. (3) The court by giving this instruction selected certain facts tended to be shown by the evidence and told the jury how much and what weight they should give to such facts; this being a comment on the evidence is error. Schneer v. Lemp, 17 Mo. 142; State v. Smith, 53 Mo. 267.

*Duncan & Bragg* for respondents.

BLAND, P. J.—The plaintiff, on August 28, 1903, brought suit by attachment against Lee Hudson and Emery Carte, in the Pemiscot Circuit Court, on an account for goods sold and delivered to them while they were doing a mercantile business in said county, under the firm name of Hudson & Carte. The writ of attachment, issued in the case, was levied upon a stock of merchandise found in the possession of S. J. Hudson, who, on October 19, 1903, filed an interplea, claiming the attached property as his own, to which plaintiff filed a general denial. At the March term, 1904, of the Pemiscot Circuit Court, the interplea was tried by a jury, resulting in a verdict and judgment for the interpleader.

The evidence for the interpleader tended to show that he purchased the attached goods of Hudson & Carte, paying value therefor, and assumed the payment of two small bills, which the firm owed for goods, believing, as he was informed by Hudson & Carte, that the bills assumed by him were the only debts owing by the firm on

the stock of goods. Plaintiff's evidence tends to show that the interpleader's purchase of the goods was made without any invoice; that the trade was made hurriedly, and Hudson and Carte left the county immediately after turning the goods over to the interpleader. Plaintiff also offered evidence of admissions made by the inter- pleader, tending to show that his purchase of the stock of merchandise was not made in good faith.

The only error assigned by the plaintiff is the giv- ing of the following instruction:

"The court instructs the jury that if you find and believe from the evidence that if the said interpleader made inquiries of Hudson & Carte as to their indebted- ness at the time of the purchase of said stock of goods and thereupon was informed by said Hudson & Carte that their indebtedness was comparatively small and that he sought to assume and did assume all the indebt- edness that was made known to him, then in that case said act was an act of good faith on the part of the in- terpleader and should be considered as such by you in arriving at your verdict."

The bill of exceptions shows the plaintiff objected and excepted to the giving of the instruction, as well as to all other instructions for the interpleader at the time they were given. On suggestion of the interpleader, the clerk of the circuit court was ordered by us to send up an amended transcript. In lieu of the amended tran- script, the following stipulation (omitting caption) has been filed in the case:

"In this cause it is agreed by and between Brewer & Collins, attorneys for appellant, and Duncan & Bragg, attorneys for respondent, that the record now on file in this court in the above entitled cause contains a true copy of the bill of exceptions now on file in the office of the clerk of the circuit court of Pemiscot county, Mis- souri; but that neither the minutes of the clerk, the min- utes of the court nor the records of the court, other than said bill of exceptions show that any objections or ex-

ceptions were made and saved to the giving of any of the instructions of the interpleader (respondent). It is further agreed that this agreement is to be used by this court instead of and is to take the place of the amended transcript as ordered by this court at the last term of this court."

Objections and exceptions to the giving or the refusing of instructions is no part of the record proper, and the clerk is not required to keep a minute of them, nor is the judge required to note such exceptions on his docket. They, like exceptions to the admission or rejection of evidence, can only be preserved by a bill of exceptions. They were properly saved in this case, as shown by the bill of exceptions. The instruction complained of is erroneous for the reason it singles out a particular fact in evidence (that interpleader sought to assume all the indebtedness of Hudson & Carte) and told the jury that such attempted assumption was an act of good faith on the part of the interpleader, and if found to be a fact by the jury it should be so considered by them in arriving at their verdict. [Meyer v. Railroad, 40 Mo. 151; s. c., 45 Mo. 137; First National Bank of Warsaw v. Currie, 44 Mo. 91; Spohn v. Railway, 87 Mo. 74; McAllister v. Irvine, 69 Mo. App. 442; Dobbs v. Cates' Estate, 60 Mo. App. 658; Steinwender v. Creath, 44 Mo. App. 356.]

We think the instruction was prejudicial and, being erroneous, calls for a reversal of the judgment. The judgment is reversed and the cause remanded. All concur.