[No. 2140, Aug. 10, 1918.]
VANDERFORD v. WAGNER.

SYLLABUS BY THE COURT.

1. In order to show a "willful trespass" by animals, the evidence must show that the owner of the animals drove them upon the lands of the injured party, or turned them loose upon other lands, knowing that they would necessarily enter the lands of the injured party, and intended that they should do so.                P. 471

2. The owner of lands, not fenced as required by the statute, cannot recover damages for the injury occasioned by trespassing animals thereon, where such animals are lawfully at large and the trespass is not willful.    P. 471

Vanderford v. Wagner, 24 N. M. 467.

3. In the case of willful trespass, the trespasser will be liable for damages without regard to the question of fences.    .                                                 P. 471 ·

4. Held, that the evidence fails to establish a willful trespass.                                                   P. 470

Appeal from District Court, Torrance County; Medler, Judge.

Action in justice court by John Vanderford against W. W. Wagner. There was judgment for defendant, and from a judgment of the district court, on plaintiff's appeal, in favor of plaintiff, defendant appeals. Reversed and remanded, with instructions to enter judgment for defendant.

E. P. DAVIES, of Santa Fe, (F. S. MERRIAU, of Santa Fe, of counsel) for appellant.

. Relative to construction and maintainance of stock fences, see:

Secs. 2342, 2341, 2340, Code 1915; 3 C. J. 130; Lazarus v. Phelps, 152 U. S. 81; James v. Blythe, 93 Pac. 994.       ⍉

Willful trespass.

Sec. 49, Code 1915; 3 C. J. 133; Walker v. Bloomingcamp, 43 Pac. 175; Hardman v. King, 85 Pac. 382; Cosfriff Bros. v. Miller, (Wyo.) 68 Pac. 206; Martin v. Platt Valley Sheep Co., (Wyo.) 76 Pac. 571; Haskins v. Andrews, (Wyo.) 76 Pac. 588; Merritt v. Hill, (Cal.) 37 Pac. 893.

HEACOCK & CORNELL, of Albuquerque, for appellee.

For definitions of malice see,- 18 R. C. L. 3; for definitions of willful see, 18 R. C. L. 4.

As to malice generally in cases of this kind, see:

Colwell v. Tinker, 98 A. S. R. 587, 58 L. R. A. 765; Com. v. York, 43 Am. D. 373.

Fence laws do not authorize willful trespass.

Light v. U. S., 220 U. S. 523; 3 C. J. 132; Shannon v. U. S., 160 U. S. 870.

## OPINION OF THE COURT.

ROBERTS, J. Appellee sued appellant in a justice of the peace court of Torrance county for damages alleged to have been sustained by reason of willful trespass upon the lands of appellee. Appellant. was the owner of some 40 or 50 head of burros, and it was these animals that were alleged to have occasioned the injury, as stated. The justice of the peace found for the appellant, and appellee appealed to the district court of Torrance county. There the case was heard by the court without a jury, and a judgment was rendered in favor of appellee for $60 damages and costs.

The only question here for decision, raised in the court below by motion for judgment and objections to the judgment entered, is whether there is any substantial evidence tending to show a willful trespass. Section 2340, Code 1915, provides:

"Every gardener, farmer, planter or other person having lands or crops that would be injured by trespassing animals, shall make a sufficient fence about his land in cutlivation, or other lands that may be so injured, the same to correspond with the requirements of the laws of this state prescribing and defining a legal fence."

Section·2341 provides:

"When any trespassing shall have been done by any cattle, horses, sheep, goats, hogs or other live stock upon the cultivated or inclosed ground of any other person, when the same is fenced as provided by section 2340 but not otherwise, such person may recover any damage that he may sustain by reason thereof by suit in any court having jurisdiction and a person so damaged is hereby given a lien on all live stock of the same kind and brand, belonging to the owner of such trespassing animal or animals for se-

curity of his damages and costs; but in no case shall he have such lien nor shall he be entitled to recover any damages, under any circumstances, for such trespass, unless he has such lands and crops inclosed by a legal fence as provided by the preceding section."

Section 2342 defines a lawful fence.

[4] Counsel for appellee concedes that the evidence is all to the effect that appellee did not maintain the statutory fence. On three sides his land was fenced by two wires, and on the fourth side by only a one-wire fence. Appellee argues, however, that the evidence shows a willful trespass, and therefore established his right to recover under the rule announced by the Supreme Court of the United States in the case of Light v. United States, 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 570. In that case Light turned his cattle onto land adjoining a forest reserve, where there was no water, and he testified that he intended that they should go upon the forest reserve and graze thereon and asserted that he had a right to have his cattle so to do. There, of course, there could be no doubt that the trespas was willful. In the instant case, the evidence shows that appellant lived some two or three miles from the ranch owned by appellee; that he owned and had under lease some 4,000 acres of land; that he had ample water supply on the land and more than sufficient pasturage to maintain the stock grazed thereon.

In November, 1914, appellant's burros wandered onto appellee's land and they were driven home. Appellee saw appellant and requested him to keep his burros confined. He testified that appellant insulted him, but gave the language used by appellant, which was:

"I will not keep my burros confined, because I am not required to do so, and I do not want you to injure them."

In October or November, 1915, while there was no one upon appellee's lands, the burros entered and destroyed certain crops that had grown thereon, and it is this trespass that is the basis of the present action.

[1] The evidence on behalf of appellee showed that, during the year preceding the trespass, the burros had entered onto the land some 15 or 20 times. We do not think that this evidence was sufficient to show a willful trespass. In order to show a willful trespass by animals, the evidence must show that the owner of the animals drove them upon the lands of the injured party, or turned them loose upon other lands, knowing that they would necessarily enter the lands of the injured party, and intended that they should do so. Bouvier's Law Dictionary defines the word "willful" as meaning intentional; and accepting this definition, which is just as favorable to appellee as any given, the evidence in the case wholly fails to show that appellant intended that the burros should enter appellee's close. He had a right under the law to have his stock run at large.

[2, 3] In the case of Hill v. Winkler, 21 N. M. 5, 151 Pac. 1014, Hill sought to enjoin Winkler from permitting his cattle to go upon certain isolated tracts of land which he owned, such tracts being surrounded by government domain, and drinking water and consuming the grass on such isolated tracts. We reversed the judgment of the lower court granting the injunction, and said:

"Our conclusion, therefore, is that the rule, taking into consideration all its limitations and as generally applied throughout the western states, requires the owner to fence out the cattle if he desires to claim damages for trespasses by animals when lawfully at large."

The owner of lands, not fenced as required by the statute, cannot recover damages for the injury occasioned by trespassing animals thereon, where such animals are lawfully at large, and the trespass is not willful.

That appellee was not entitled to recover is established by the cases of Hardman v. King, 14 Wyo. 503, 85 Pac. 382; Walker v. Bloomingcamp, 34 Or. 391, 43 Pac. 175, 56 Pac. 809, and Merritt v. Hill, 104 Cal.

184, 37 Pac. 893; but it is as equally well settled that, in the case of willful trespass, the trespasser will be liable for damages without regard to the question of fences (3 C. J. 132, and cases cited under note 4). But, as the evidence here wholly fails to show a willful trespass, the court was in error in giving judgment for appellee.

For the reasons stated the cause will be reversed. and remanded to the district court, with instructions to enter judgment for appellant; and it is so ordered.

HANNA, C. J., and PARKER, J. concur.