(No. 2285.    Sept. 24, 1919.)

## GUTIERREZ v. MONTOSA SHEEP CO.

(On Motion for Rehearing, Dec. 1, 1919.)

### SYLLABUS BY THE COURT

1. Section 39, Code 1915, which authorizes the owner of unfenced lands to mark the boundaries thereof and to post notices against trespass, and upon compliance with the sec-

tion to recover damages for trespass committed by animals under herd, is no bar to a suit for willful trespass where the owner has not complied with the section.                    P. 543

2. Objections and exceptions to the giving or refusing to give instructions must be incorporated into and made a part of the bill of exceptions, and cannot be shown by the record proper.                                                          P. 544

3. In a suit by the owner of lands to recover for the depasturing of the same, evidence as to the inability of the owner to procure other pasture for his animals and the depreciation of the value of his animals caused by lack of feed, occasioned by the depasturing of his land, is competent.
P. 545

On Motion for Rehearing

4. The master is liable for the acts of his agent or servant acting within the scope of his employment, whether such act is negligently or wilfully committed.

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Action by Elijio R. Gutierrez against the Montosa Sheep Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Nicholas & Nicholas, of Magdalena, and J. G. Fitch, of Socorro, for appellant.

M. C. Spicer and Elfego Baca, both of Socorro, for appellee.

OPINION OF THE COURT

ROBERTS, J. This is an action of trespass by appellee to recover damages for the depasturing by appellant's sheep of six distinct tracts of land separated from each other by the public domain.

In the first count of appellee's complaint he alleged, in substance, a compliance with the requirements of section 39, Code 1915, as to marking boundaries and posting notices against trespass. As this count was withdrawn from the jury because of failure of proof, it

need not be further noticed. In the second count appellee omitted said allegations as to marking the boundary and posting notices, and alleged in lieu thereof that appellant knew he was in possession of said lands at the time its sheep were driven upon them, and that after the sheep were so driven upon the lands he notified appellant that its sheep were grazing on his land, pointed out the boundaries, and demanded that appellant drive its sheep off the land, and alleged that the trespass was willful.

Appellee claimed damages in the sum of $5,000 for the depasturing of his land and special damages, owing to loss and depreciation of his sheep, in the sum of $2,800, and $3,000 additional as exemplary damages.

Appellant in its answer denied the material allegations of the complaint. At the trial, before a jury, appellee was permitted to testify, over the objections and exceptions of appellant, that a number of his sheep had died, and as to the condition of the remainder, and that some of the sheep died and the remainder depreciated in value because there was not sufficient feed for them, and that he was unable to secure sufficient pasture or feed.

The appellee, after testifying to the trespass by appellant and the destruction of his grass, testified that he had rented some land in the forest reserve and some from Frank Hubbell, but that he had not been able to secure enough land to maintain his sheep properly, and that because of his inability to secure sufficient pasture 60 head had died, and there was other testimony going to show the condition of his sheep due to his inability to procure pasture to replace that destroyed by appellant.

The jury returned a verdict for appellee, fixing his damages at the sum of $2,500. Other facts will be stated in the opinion.

[1]   The first point relied upon by appellant for a reversal is that by reason of section 39, Code 1915, which reads as follows:—

"It shall be unlawful for any person, persons, company or corporation, or their or either of their agents or employes having charge of any drove of bovine cattle, horses, sheep, goats or other animals to permit or allow such herd of animals to go upon the lands of others in this state for the purpose of grazing or watering upon any waters upon such lands, without the permission of the owner or legal claimant, or his or their agent.  The provisions of this section shall apply not only to title lands in this state, but to any lands upon which any person may have a valid existing filing under the laws of the United States, or any lands which may be leased by any person from the state of New Mexico.

"Any person, persons, company or corporation who may claim the benefits of the protection of this section, shall carefully and conspicuously mark the line or lines of his or its lands, so that such mark may be easily seen by persons handling such droves, flocks or herds of animals, and shall post a notice upon such land conspicuously, warning against trespassing thereon; or shall serve personal written notice giving description of such land by government surveys or by metes and bounds"

—there can be no recovery for a willful trespass and the depasturing of uninclosed lands without a compliance with the provisions of said section by the owner; it being its contention that the second cause of action failed to state sufficient facts by reason of its failure to show compliance with the section.

We are satisfied that this statute is no bar to a suit for willful trespass, and it was so intimated by this court in the case of Jastro v. Francis, 24 N. M. 127, 172 Pac. 1139.  It was held by the Supreme Court of the United States in the case of Light v. United States, 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 570, and by this court in the cases of Vanderford v. Wagner, 24 N. M. 467, 174 Pac. 426, and Hill v. Winkler, 21 N. M. 5, 151 Pac. 1014, that fence laws do not authorize willful trespass and have no application where animals are driven onto unfenced lands of others in order that they may feed there.  The same principle is applicable to section 39,

Code 1915, under discussion. Here, under the allegations of the complaint and the proof supporting it, the agents and servants of the appellant corporation knew the boundaries of appellee's lands, or were informed as to the boundaries by appellee, and were requested not to pasture on the lands, notwithstanding which they drove their flocks upon the same and destroyed all the grass.

It is conceded by appellant that if the second count stated a cause of action the evidence was sufficient to sustain the verdict.

[2] We will next discuss appellant's third and fourth assignments of error, together with appellee's assignment of error upon his cross-appeal. Appellant's third and fourth assignment of error are intended to present to this court the propriety of the action of the trial court in giving a certain instruction requested by appellee and refusing to give an instruction requested by appellant. Appellee's assignment of error upon his cross-appeal raises the question as to the propriety of the action of the court in modifying an instruction requested by him.

No question however, is here for review as to the instructions, for the reason that exceptions or objecttions to the action of the court in giving or refusing to give the same are not incorporated into and made a part of the bill of exceptions. In the transcript of record before the court, the instructions given and the requested instructions are a part of the bill of exceptions; but the exceptions to the instructions appear only in the record proper. It has been many times held by this court that objections or exceptions to instructions must be called to the attention of the trial court before the instructions are given. It is manifest that objections and exceptions to the giving or refusing of instructions are no part of the record proper, but such objections and exceptions must be made to appear by the bill of exceptions. Were the rule otherwise, it would be possible

for a party to knowingly permit the trial court to fall into error in giving instructions, and file in the office of the clerk objections or exceptions thereto, without calling the objections or exceptions to the attention of the trial court, and secure a reversal in the appellate court. As the objections and exceptions to the instructions are not shown by the bill of exceptions, they will not be reviewed here. McKnight-Keaton Grocery Co. v. Hudson, 116 Mo. App. 551, 92 S. W. 1130.

[3] The remaining point raised by appellant is that the court was in error in admitting, over its objection, evidence as to the loss occasioned to appellee's sheep by reason of the destruction of the pasture in question and his inability to procure other suitable pasture for them. In the case of Gilbert v. Kennedy, 22 Mich. 117, it was held that where the plaintiff was deprived of the profitable use of his own pasture for his own stock by the tortious conduct of the defendant in turning in his cattle with the plaintiff's and in consequence of the overfeeding of the pasture the plaintiff's cattle suffered, the damages to which the plaintiff would be entitled were not merely the value of the pasture in the vicinity, but the value of the growth and increase in weight which the cattle might reasonably have been expected to attain but for the overfeeding caused by the trespass. In the case of Henderson v. Coleman, 19 Wyo. 183, 115 Pac. 439, 1136, it was held that proof of special damages was admissible; that damage caused by the loss in weight of the cattle or their failure to increase in weight, as it might be reasonably expected they would have done had they been allowed to remain in pasture upon the premises, was recoverable. See, also, Sedwick on Damages, vol. 3, § 927; Sutherland on Damages, vol. 4, § 1028. Of course, it would be the duty of the party whose land was depastured to take reasonable precautions and measures to mitigate the loss, and in this case before offering the evidence objected to appellee had testified that he had endeavored, without avail, to secure pasture for his sheep to take the place of that destroyed.

For the reasons stated, the judgment will be affirmed, and it is so ordered..

PARKER, C. J., and RAYNOLDS, J., concur.

On Motion for Rehearing.

ROBERTS, J.   Appellant in its motion for rehearing insists that the court should have considered the alleged error on the part of the trial court in refusing to give appellant's requested instruction No. 2.   ·It concedes that the specific exceptions to the instruction were not incorporated into the bill of exceptions, but argues that the instruction itself showed the notation, "defendant excepts." If it be conceded that the instruction is here for consideration, the action of the court in refusing to give it must be upheld because the instruction does not correctly state the law.   It reads as follows:

"The defendant in this case is a corporation and as such is responsible for a willful trespass committed by it under the same rules of law and under like circumstances as an individual would be for a similar trespass; but the defendant, being a corporation can only act by and through its duly appointed and authorized officers and agents. And in this case, before the jury would be authorized to find that the defendant know the location of plaintiff's lands, they must believe and find from the evidence that actual knowledge of the location of said lands was possessed by some governing officers or agent of the defendant, who had authority to represent the defendant with respect to that particular matter, and that the defendant, after the receipt of such knowledge by such officer or agent, either caused its sheep to be driven upon such lands or failed and neglected to remove them therefrom."

The question in this case was as to whether the agent or servant in charge of the sheep was acting within the scope of his employment in driving the sheep upon the lands of the appellee, or refusing to remove them therefrom upon notice.   If he was so acting, the master was liable for his acts, whether done through negligence, wantonness, or wilfullness.

Apellant says in its brief that it has been unable to

find many cases passing upon the precise point which it makes, but cites some cases from Alabama which it is claimed support the law announced in the instruction.

[4] In Labatt's Master & Servant (2d Ed.) § 2238 et seq., will be found a very interesting discussion of the question, from which it appears that the rule, for which appellant here contends, a half century or so ago was followed by the courts of England and some of the courts of the United States; but the author shows the departure from this rule and the adoption of the present rule adhered to now by practically all of the courts— that the master is responsible for the acts of his servant, committed while the servant is acting in the execution of his authority and within the scope of his employment. And this rule was approved by this court in the case of Childers v. Southern Pacific Co., 20 N. M. 366, 149 Pac. 307.

The remaining grounds of the motion for rehearing were fully considered in the original opinion.

The rehearing will be denied, and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.