34 P.(2d) 1092

## CARNES v. WITHERS.

### No. 3923.

Supreme Court of New Mexico.

July 17, 1934.

Charles F. Fishback, of Fort Sumner, for appellant.

Keith W. Edwards, of Fort Sumner, for appellee.

BICKLEY, Justice.

Plaintiff sued to recover damages to his land by reason of alleged trespass occasioned by defendant's sheep going thereon. Judgment for defendant.

The only issue presented by the pleadings was whether or not defendant's sheep were driven onto plaintiff's land or turned loose by him upon other lands, knowing that they would necessarily enter the lands of the plaintiff, and with intent that they should do so. In other words, does the evidence show a "willful trespass" by defendant.

The court found the issue for defendant, and specifically that "the facts fail to show that the defendant, either himself, or through his servants, the herders, willfully, knowingly and of his own knowledge permitted or caused these sheep to trespass upon the lands of plaintiff."

It is not shown that the lands under the control of the parties were in a locality governed by the Herd Law (Comp. St. 1929, § 4-401 et seq.). Therefore our holding in Scarbrough v. Wooten, 23 N. M. 616, 170 P. 743, is not applicable.

The land of the plaintiff is contiguous to land of defendant upon which his sheep grazed, and from whence they drifted upon lands of plaintiff. These parcels of land are separated by a fence, but not a lawful fence

of the kind referred to in sections 50-101 to 50-103, Comp. St. 1929.

We have carefully considered the evidence, and, while it is conflicting, we may not say that it does not substantially support the trial court's finding of lack of willful trespass.

There was some controversy as to the amount of damages plaintiff suffered by the animals of defendant going upon his land, but this is unimportant, since we agree with the trial court that plaintiff did not make out a case of willful trespass which is necessary before a recovery of damages for the injury occasioned by trespassing animals. For controlling principles, see Vanderford v. Wagner, 24 N. M. 467, 174 P. 426.

Finding no reversible error in the record, the judgment of the trial court is affirmed, and the cause remanded, and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.