**46 P.(2d) 667**

**WRIGHT v. ATKINSON et al.**

No. 4037.

Supreme Court of New Mexico.

June 17, 1935.

Beumler & Graham, of Douglas, Ariz., and Lee Brown Atwood, of Lordsburg, for appellants.

C. C. Royall, of Silver City, for appellee.

WATSON, Justice.

This is an appeal from a judgment permanently enjoining the defendants from permitting their cattle to go or graze upon lands owned, controlled, and possessed by the plaintiff.

Plaintiff had and maintained a fence surrounding about fifteen sections of grazing land. Within the inclosure were two sections owned by the state and leased to one of the defendants for grazing. Defendants put a 1,000-gallon tank on one of these leased sections, with a watering trough, supplying water by hauling. They then turned upon the leased land some 200 head of cattle, knowing and intending that they would and should, as they did, go and graze upon the lands of the plaintiff. Defendants' lands were not fenced, and, though defendants kept a boy to look after the cattle, there was no effort to keep them from plaintiff's lands, the purpose being merely to keep them from plaintiff's watering places. There was not sufficient grass on defendants' lands for the number of cattle thus put to graze. Approximately one-half of defendants' cattle have grazed on plaintiff's land from the beginning, and defendants intended thus to keep their cattle for at least five months.

These facts, which the court found, were held to disclose a willful and continuing trespass entitling plaintiff to the relief.

These facts must be taken as true, since there is no contention here that they are not supported by substantial evidence.

In argument, appellants rely upon the existence of some facts which we are not at liberty to accept as true, the court not having found nor been requested to find them.

We take it to be a fact, however, since it is admitted in appellee's brief, that the latter's inclosure contained within it two or three sections of the public domain to which he had no possessory right.

"Appellants' statement of points relied upon" is as follows:

"1. One refusing or failing to build or maintain a lawful fence on his holdings as against adjacent holdings, cannot complain of 'wilful trespass' as to another's cattle, where the record shows good faith on the part of the owner of the alleged trespassing cattle.

"2. An injunction will be refused or dissolved as against one whose case is of doubtful merit; especially where the testimony shows malice and refusal to do equity on his part.

"3. An injunction decree cannot be perpetuated where the record of proof does not

sustain the material allegations of the complaint; in that the complaint alleged 'willful trespass,' 'ownership and lawful control' of certain lands by plaintiff, insolvency of defendants (appellants) and inability to respond in damages,—when the proof shows only use of lands in a customary and lawful manner by appellants; failure of any proof as to 'insolvency,' and shows conclusively that appellee (as plaintiff below) did not come into court with 'clean hands,' in that he refused to build a lawful fence, and had inclosed illegally certain government lands on which he is attempting to prevent 'trespass' at a time when he was himself a trespasser on said government lands."

First. The findings do not disclose "good faith on the part of the owner of the alleged trespassing cattle." In developing this point, appellants rely upon facts not found and which the court was not requested to find, and which it is not within our province to find or to accept as true.

■■ Second. The judgment is based on the theory of willful trespass. The findings seem to make such a case.

Relief as against willful trespass is not dependent upon the existence of the statutory fence. Hill v. Winkler, 21 N. M. 5, 151 P. 1014; Vanderford v. Wagner, 24 N. M. 467, 174 P. 426, 427; Frostenson v. Marshall, 25 N. M. 215, 180 P. 287; Carnes v. Withers, 38 N. M. 441, 34 P.(2d) 1092;

Gutierrez v. Montosa Sheep Co., 25 N. M. 540, 185 P. 273.

And if "the owner of the animals drove them upon the lands of the injured party, or turned them loose upon other ,lands, knowing that they would necessarily enter the lands of the injured party, and intended that they should do so," the case is one of willful trespass. Vanderford v. Wagner, supra. And it will ordinarily be a ground for equitable relief. Harrington v. Chavez, 27 N. M. 67, 196 P. 320.

Here again appellants assume facts not found, as showing good faith on their part and as showing malice on the part of appellee and a conspiracy to deprive appellants of their right to pasture their own land. If these matters were material to their case, appellants should have presented them to the trial court for findings.

■ Third. It is objected under this point that appellee failed to prove the allegation of his complaint that appellants are insolvent. Why this should prevent injunction as against willful and continuing trespass is not pointed out and we do not understand.

And here some importance is attributed to the admitted fact that appellee had government land within his inclosure, a matter also entering more or less into the discussion of points 1 and 2.

In so far as the fact may be thought to disclose a partial failure of proof, or a par-

tial disproof, of an allegation of appellee's ownership or possessory rights as to the lands inclosed, we are not impressed with its importance.

Nor are we prepared to say that the bare fact, without aid from other facts neither admitted nor found, so soils the hands of appellee as to make inequitable his claim to injunctive relief. This record does not disclose any injury to appellants from an inclosure which we assume to have been unlawful as to the government lands included. We do not perceive in it any justification for a willful and continuing trespass of the kind disclosed by the findings. The case does not include any attempt by appellants to compel removal or change of fences. Nor does it involve their right to any such relief. In this particular case, we do not perceive the importance or materiality of this fact apparently so strongly relied upon.

The particular terms of this injunction have not been made the subject of criticism and we are not called upon to consider whether, in all of its phases, it is warranted by the findings.

Unable to sustain any of the contentions of error, we are constrained to affirm the judgment. The cause will be remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.