157 P.2d 493

GALLEGOS v. ALLEMAND et al.

No. 4870.

Supreme Court of New Mexico.
March 28, 1945.

H. B. Hamilton, of Las Vegas, for appellants.

Hilario Rubio, of Las Vegas, for appellee.

BRICE, Justice.

The question is whether the appellants are liable to the appellee for $35 damages because of a trespass made by their cattle on appellee's land.

██ The trial court found that appellants' lands were not enclosed by a legal fence and therefore under the statute, Secs. 49-1801 and 49-1803, N.M.Sts.1941, they are not so liable unless the trespass was willful. We stated in Wright v. Atkinson, 39 N.M. 307, 46 P.2d 667, 668:

"Relief as against willful trespass is not dependent upon the existence of the statutory fence. Hill v. Winkler, 21 N.M. 5, 151 P. 1014; Vanderford v. Wagner, 24 N.M. 467, 174 P. 426, 427; Frostenson v. Marshall, 25 N.M. 215, 180 P. 287; Carnes v. Withers, 38 N.M. 441, 34 P.2d 1092; Gutierrez v. Montosa Sheep Co., 25 N.M. 540, 185 P. 273.

"And if 'the owner of the animals drove them upon the lands of the injured party, or turned them loose upon other lands knowing that they would necessarily enter the lands of the injured party, and intended that they should do so,' the case is one of willful trespass."

The first question is whether the finding of the court, that there was a willful trespass, is supported by substantial evidence. The evidence in support of this finding, viewed from appellee's standpoint, is as follows:

██ Appellee was the owner of 14,000 acres of pasture land enclosed by a fence;

appellants were the owners of 300 acres of land about three miles away from appellee's pasture, on which they purported to graze fifty (appellants say twenty-five) head of cattle. The 300 acres were totally insufficient to carry these cattle. Adjoining them, and lying between their land and that of appellee, was the land of one Vigil. The fence between appellants' and Vigil was such that it did not hinder appellants' cattle from going on Vigil's land to graze, to which Vigil did not object. They passed across Vigil's land and entered appellee's land through his fence. They were often seen in appellee's pasture and once appellee Adam Gallegos was seen driving them out. Appellee requested appellants many times to keep their cattle off his land, but they refused or failed to do so until after this suit was filed, since which time their cattle have not grazed on appellee's land. Just prior to the time that appellants' cattle went upon appellee's land a lease of 1,000 acres from appellee to appellants had expired. While it was in force the appellants grazed their cattle thereon. There is no evidence that appellants drove their cattle to, or turned them loose on, appellee's land. If appellee was entitled to recover damages then it was necessary for him to prove that appellants turned their cattle upon other lands "knowing that they would necessarily enter the lands of the appellee, and that appellants intended that they should do so."

In the case of Vanderford v. Wagner, supra [24 N.M. 467, 174 P. 427], the evidence showed that the owner of burros had entered the land of the plaintiff fifteen or twenty times; but it was held that this was not evidence of a wilful trespass, that the evidence must show "that the owner of the animals drove them upon the lands of the injured party, or turned them loose upon other lands, knowing that they would necessarily enter the lands of the injured party, and intended that they should do so."

While the evidence does show that appellants did not have sufficient grass of their own to pasture their cattle and therefore it was a reasonable inference that they turned them loose with the intention and knowledge on their part, that they would graze upon adjacent lands such as those of Vigil; it did not necessarily follow that they "intended" that they should graze on appellee's land. The record does not show that the lands of Vigil together with those of appellants afforded insufficient pasturage for appellants' cattle.

We are of the opinion that there is not substantial evidence to support the trial court's finding that appellants were guilty of a wilful trespass.

The cause should be reversed and remanded with instructions to the district court to dismiss appellee's suit. And it is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and LUJAN, JJ., concur.