309 P.2d 622

Paul WOOFTER, Plaintiff-Appellee,
v.
John LINCOLN and John R. Kingsburg,
Defendants-Appellants.

No. 6155.

Supreme Court of New Mexico.
March 29, 1957.

David Eldon Douglas, Socorro, for appellants.

Claron E. Waggoner, Socorro, for appellee.

LUJAN, Chief Justice.

This was an action brought to recover damages for trespass of defendants' sheep on plaintiff's land. A trial to the court without a jury resulted in judgment for the plaintiff. Defendants appeal.

The complaint describes and alleges the ownership in plaintiff of certain land in Socorro County; that during the time mentioned in the complaint the defendants were the owners, in possession, and chargeable with the care of eight hundred ewes and lambs; that on or about the 25th day of May, 1954, the said animals ran and tres-

passed upon said lands, ate up, injured, and destroyed the crops planted upon the same; that said land was planted in alfalfa, and had been recently watered; and that in consequence thereof plaintiff suffered loss and damage in the sum of $1500, for which plaintiff prays judgment.

The answer admits the ownership of the sheep, denies generally the other allegations of the complaint, and, as an affirmative defense, alleges that plaintiff, at the time mentioned in his complaint, neglected to maintain, and did not maintain, a legal fence around or upon the real property mentioned in his complaint as required by the provisions of Section 47–17–1 of 1953 Compilation.

Upon the basis of this allegation it is argued that as the testimony shows that plaintiff's land was not enclosed by a lawful fence, as described by Section 47–17–3 of 1953 Compilation, no liability rests upon the defendants for any injuries inflicted by their sheep upon crops growing upon plaintiff's land. Considerable testimony was introduced as to the character of the fence, constituting the enclosure of plaintiff's premises, sufficient to show that the fence so existing failed to comply in many particulars with the provisions of the act just referred to and with this contention we must agree.

Section 47–17–3 reads as follows:

"Barbed wire fence—Specifications.— When fences are constructed of barbed wire and posts they shall be built substantially as follows: Posts set firmly in the ground and projecting above the ground not less than four (4) feet, said posts to be not less than two (2) inches in diameter at the smaller end, and to be set not over thirty-three (33) feet apart; four (4) barbed wires to be strung firmly and securely fastened to said posts, the bottom wire to be placed approximately twelve (12) inches from the ground, the second wire to be approximately twelve (12) inches above the bottom wire, the third wire to be approximately twelve (12) inches above the second wire, and the fourth wire to be approximately twelve (12) inches above the third wire; and between each two (2) posts there shall be placed approximately equidistant apart three (3) stays to be securely fastened to said wires for the purpose of holding the wires in position. Any four wire fence greater or equivalent to said fence in strength and resisting power shall be considered a legal fence."

The question for decision is whether or not the defendants are liable to plaintiff for damages resulting from an alleged trespass made by their sheep on plaintiff's land.

It appears from the record that during the time of the alleged trespass plaintiff was the owner of twenty acres of land in Socorro County, through which a Conservancy District irrigation ditch extended, run-

ning north and south and entering Falkner's property at the southwest corner of said land, which was used to water his premises. The entire tract was cultivated land planted in alfalfa. The land was enclosed by a barbed wire fence.

The land adjoining on the south side was owned by Hubert Falkner. It was in the vicinity of the southwest corner of plaintiff's land which abuts Falkner's property where the defendants' sheep were seen grazing over an area of approximately six acres. Defendants were the owners of 550 ewes and 400 lambs. The sheep were in the immediate control of Hubert Falkner, under an oral agreement, and were being held and grazed on his land. The sheep were seen grazing upon plaintiff's land as alleged in the complaint, and it was testified to by two Navajo Indian boys, employees of Falkner, that about five o'clock in the morning, of the date in question, they saw about 400 of defendants' sheep going upon plaintiff's land, and they immediately went where the sheep were and chased them out. Mr. Falkner testified that during the night the water master of the Conservancy District cut the water out of the ditch and defendants' sheep crossed the ditch into plaintiff's alfalfa field; that the ditch was twelve to fifteen feet wide and varied in depth; and that the sheep would not cross it when the ditch was full of water. Charles M. Baker, an employee of plaintiff, testified that he did not learn about defendants' sheep having entered plaintiff's land until two days later, and, upon examination of the field he found that the sheep had entered the tract at the southwest corner approximately fifty or sixty feet east of the canal itself.

In view of our holding, the appellee did not have a legal fence, but this does not necessarily entitle him to recover for trespass. Before he may recover, it must be shown that the claimed trespasser drove his animals upon the lands of the injured party or wilfully turned them loose upon other lands knowing that they would necessarily enter the lands of the injured party, and intended that they should do so. Gallegos v. Allemand, 49 N.M. 97, 157 P.2d 493, 158 A.L.R. 373 and cases cited.

There is absolutely no evidence in the record which would tend to prove that the defendants did either of the above things. The sheep were lawfully upon the lands of Falkner, and the evidence simply shows that defendants' sheep, without their owners, or their agents, knowledge or consent, while ranging in Falkner's property, early in the morning of the day in question, strayed into plaintiff's alfalfa field from where they were removed within twenty-five minutes of their discovery.

We are of the opinion that there is not substantial evidence upon which to base the trial court's conclusion of law that the plaintiff is entitled to recover damages

300

from defendant on account of the alleged trespass.

For the reasons stated, the judgment is reversed and the cause remanded, with direction to set aside the judgment heretofore rendered and entered and to dismiss plaintiff's suit.

It is so ordered.

SADLER, McGHEE, COMPTON and KIKER, JJ., concur.