393 P.2d 20

**B. W. KINSOLVING, Plaintiff-Appellee,**

v.

**Lee REED, Jr., Defendant-Appellant.**

No. 7423.

Supreme Court of New Mexico.

June 8, 1964.

John Humphrey, Jr., Ft. Sumner, for appellant.

Mears, Mears & Boone, Portales, for appellee.

NOBLE, Justice.

Plaintiff, the owner of 320 acres of unfenced grazing land entirely surrounded by defendant's ranch, sued for the rental value of the land alleging that defendant's livestock pastured on his land. Defendant has appealed from a judgment awarding damages for such pasturing of plaintiff's land.

Plaintiff asserts that his sole ground of recovery is on an assumpsit theory for

defendant's use of the 320 acres of grazing land. An action in assumpsit for the use and occupation, under the old common-law forms of pleadings, was necessarily founded on the idea of a contract, express or implied, to pay a reasonable compensation for such use. It was conceded here that there was no express promise to pay rent. It then became necessary for the plaintiff to establish facts and circumstances from which the law will imply a promise to pay for the use and occupation.

■ The trial court found that plaintiff's lands were not enclosed by fences. Under §§ 47–17–1 and 47–17–2, N.M.S.A.1953, defendant is not liable unless the trespass was wilful. Gallegos v. Allemand, 49 N.M. 97, 157 P.2d 493, 158 A.L.R. 373; Woofter v. Lincoln, 62 N.M. 297, 309 P.2d 622. The court made no finding of a wilful trespass.

Even the fact that an adjoining owner, whose animals trespassed upon the unfenced land of another, did not have sufficient grass of his own to pasture his animals, was held in Gallegos v. Allemand, supra, to be insufficient to establish an intent that such animals should graze on plaintiff's land.

■ Since the basis of the action in assumpsit is the fiction of an implied promise, which proceeds on the theory that the defendant's estate has been enriched and the plaintiff's estate has been diminished by a wrongful act of the defendant, see Weit-

zenkorn v. Lesser, 40 Cal.2d 778, 256 P.2d 947; Raven Red Ash Coal Co. v. Ball, 185 Va. 534, 39 S.E.2d 231, 167 A.L.R. 785, it follows that where the statute specifically denies the right of recovery, as in New Mexico, § 47–17–2, supra, for trespassing animals on unfenced lands, there is no ground for any implication of a contract. Moreover, the trial court made no finding of promise to pay, express or implied.

The cause should be reversed and remanded with instructions to dismiss plaintiff's complaint. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.