[No. 1914.   July 31, 1917.]

## NORMENT v. FIRST NAT. BANK OF SANTA FE.

[Motion for rehearing denied September 27, 1917.]

### SYLLABUS BY THE COURT.

1. Prior to the enactment of chapter 15, Laws 1917, upon the entry of final judgment in the district court, the court lost all further jurisdiction over the same, and could not, upon motion for new trial or otherwise, change or modify the same. For this reason no question concerning the findings and conclusions which might have been raised by exceptions or proposals or other findings and conclusions prior to the entry of the judgment can be considered here.        P. 202

2. Where the maker of a note assures a bank that his note to a third party is "all right," and he requests the bank to make a loan to said third party, and he takes said note as collateral security therefor, and the bank relying upon the representations, makes the loan and takes the note as collateral security, the maker cannot afterwards be heard to say that consideration for the note has failed, or that the bank had notice that the consideration might fail by reason of the possible non-performance of an executory contract by a third person.        P. 203

3.  While it is true that one who takes a note of a corporation in payment of the debt of its officer is put upon inquiry as to the authority of the officer to negotiate the note, still the note is not void, but merely viodable, at the instance of the corporation.  Until the corporation disavows the obligation, it does not lie in the mouth of a party whose note has been placed as collateral security for the corporate note to complain and to attempt to make a defense for the corporation which it does not elect to make for itself.          P. 204

Error to District Court, San Miguel County; Leahy, Judge.

Suit by the First National Bank of Santa Fe against James W. Norment.  Judgment for plaintiff, motion for new trial overruled, and defendant brings error.  Affirmed.

J. H. Crist, of Santa Fe, for plaintiff in error.
(Devoted to merits.)

Frank J. Lavan, of Santa Fe, for defendant in error.
Catron & Catron, of Santa Fe, of counsel.

Exceptions to findings, being general, raised nothing; consequently none of the questions argued are properly before the court.

Fullen v. Fullen, 21 N. M. 212, 225, 153 Pac. 294; Stalick v. Wilson, 21 N. M. 320, 326, 154 Pac. 708; Southard v. Latham, 18 N. M. 503, 138 Pac. 205, 50 L. R. A. (N. S.) 871; Wallis v. Mulligan, 20 N. M. 328, 148 Pac. 500; Crawford v. Western Clay Co., 20 N. M. 555, 151 Pac. 238.

The exceptions having been taken after final judgment and the court thereafter having no power to correct the judgment, the same are unavailing.

State v. Chenault, 20 N. M. 181, 185, 147 Pac. 283;

State v. Johnson, 21 N. M. 432, 155 Pac. 721; New Mev. etc., Co., v. Baker, 21 N. M. 531, 157 Pac. 167.

The reason lying at foundation of rule is that non-jurisdictional questions cannot be raised for first time on appeal.

State v. Graves, 21 N. M. 563, 157 Pac. 160; In Re Dexter-Greenfield, 21 N. M. 313, 154 Pac. 382; Murry v. Belmore, 21 N. M. 318, 154 Pac. 705; Stalick v. Wilson, 21 N. M. 324, 154 Pac. 708; State v. Ascarate, 21 N. M. 114, 152 Pac. 1036; State v. McDonald, 21 N. M. 114, 152 Pac. 1139; State v. Ascarate, 21 N. M. 206, 153 Pac.

Assignments not argued are waived.

Brobst v. E. P. & S. W. Co., 145 Pac. 258; Pople v. Orekar, 22 N. M. 307; Clark v. Ins. Companies, 22 N. M. 368; State v. Williams, 22 N. M. 337; State v. Orfanakis, 151 Pac. 676; State v. Gonzales, 19 N. M. 467; Dev. Co. v. Land Co., 18 N. M. 1; Mundy v. Irwin, 20 N. M. 43.

Variance cannot be raised first time on appeal.

State v. Klasner, 19 N. M. 474; State v. Padilla, 18 N. M. 577.

Reply brief for plaintiff in error.

There was no need for exceptions to the findings because they resulted in ordinary course from the theory upon which the court tried the case, as shown by its rulings. The court will examine the findings, independent of exceptions, to ascertain if they are supported by substantial evidence.

8 Stand Enc. Pr. pp. 1077, 1078; 3 C. J. 935.

If no opportunity to except is given exceptions are not required, as where the judgments and the findings are entered at the same time.

Kennedy v. Derrickson, 5 Wash., 289; 31 Pac. 766.

Exceptions to findings are not necessary, as a rule, where it is sought to review rulings on the trial to which excep-

tions have been duly taken, and no review of the findings is asked.

3 C. J., p. 936, p. 93; Smith v. Glenn, 40 Wash. 262, 82 Pac. 605; Pyette v. Ferrier, 31 Wash. 43, 71 Pac. 546; Cathcart v. Bryant, 28 Wash. 31, 68 Pac. 171; Hathaway v. McDonald, 27 Wash. 659, 58 Pac. 376; Schlotfeldt v. Bull, 17 Wash. 6, 48 Pac. 343.

## OPINION OF THE COURT.

PARKER, J.   Plaintiff in error bought 388 acres of land from the Ten Lakes Land Company, a corporation, paying for the same $3,500 in cash and his note, dated August 2, 1913, for $4,260, payable on or before 12 months after date. The vendor in the deed of conveyance reserved a vendor's lien for the amount of the note, the unpaid portion of the purchase price. The note contains the words, "Balance purchase money for 388 acres of irrigable lands with water rights therefor as per deed of this date between parties hereto." Plaintiff in error went to the defendant in error in behalf of the vendor and of one J. D. Hand, and requested a loan for them, and represented that the company was all right, the said Hand was all right, and that his note (the note in question) was all right. Defendant in error relied upon the representation and made a loan to the company, taking its note with Hand as joint maker, and taking the said note of defendant in error as collateral security. The note of the company and Hand was renewed at maturity, six months from date, the renewal note to mature at the maturity of the note of plaintiff in error. At this time, neither note being paid, a second renewal of the note of the company and Hand was made, payable on demand, and each renewal note was likewise secured by the note of the plaintiff in error as collateral. Defendant in error brought suit upon the last renewal note of the company and Hand, and upon the note of the plaintiff in error, so held as collateral, and for subrogation to the rights of the vendor under its vendor's lien, and for foreclosure of the same and sale of the property. Hand had left the jurisdiction and was

not served with process, and the company defaulted, and judgment was rendered against it as prayed. Plaintiff in error answered, and averred that defendant in error was not a holder in due course of his note to the company, and set up two defenses to the note, viz.: Complete failure of consideration for the note; and the fact that, with knowledge of defendant in error, the company note was given to secure funds to pay the individual note of the said Hand, one of its officers, to the extent of $2,000 and interest, and he claimed a defense pro tanto.

The court held that defendant in error took the note of plaintiff in error in due course and awarded judgment on the same and subrogated defendant in error to the rights of the company under its vendor's lien, and ordered foreclosure of the lien and sale of property.

The trial was concluded on December 10, 1915, and the case taken under advisement until January 20, 1916, when final decree was rendered. On January 24, 1916, plaintiff in error filed his motion and supplemental motion for a new trial, which were overruled. These motions pointed out alleged errors in the findings and conclusions and alleged errors occurring at the trial.

[1] Counsel for the bank presents a procedural proposition which precludes an examination of most of the questions raised. It is this: The court, having rendered final judgment on January 20, 1916, in a nonjury case, then and there lost all further jurisdiction over the judgment, and it became a finality between the parties; therefore the court could entertain no motion for a new trial or in any way modify the judgment. Counsel cites Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294, in which we discussed the question quite fully, and subsequent cases. In these cases it has been established that in nonjury cases a judgment becomes a finality between the parties the moment it is placed of record, and the court loses all further jurisdiction over it at that time. We see no reason to depart from the holding in these cases. Applied to the case at bar, the doctrine precludes an examination of any of the questions raised in regard to the findings of fact

or conclusions of law which might have been raised by exceptions thereto or by the proposal of other or different findings or conclusions.

It may be said, in passing, that since the decisions above referred to, it has been thought best by the court and bar to have the jurisdiction retained by the district court over judgments for a time after rendition, so that errors and injustice may be avoided; and the Legislature, at the instance of the bar association, has provided by chapter 15, Laws 1917, that district courts shall retain jurisdiction for 30 days after rendition of judgment.

[2] Counsel for plaintiff in error complains of some rulings of the court at the trial. They complain of the action of the court in excluding certain evidence of the failure of consideration for the note as between the parties thereto, and that the bank had notice of the same, or notice of facts sufficient to put it upon inquiry and to make its taking of the Norment note a taking in bad faith. Assuming that the excluded evidence would show a failure of consideration and would show that the bank had knowledge of facts which would indicate that part of the consideration for the note was the agreement of the Ten Lakes Land Company to put water on the lands purchased, still we fail to see how the plaintiff in error is in a position to successfully assert those facts against a recovery in this case. It was shown by the bank, by the testimony of its then president, that Norment stated that this note was "all right," and that he urged the bank to take the note, and the bank relied upon the representations. At that time there was no failure of consideration. This evidence for the bank, in support of the judgment, it is to be assumed, was believed and relied upon by the court. It would be a strange doctrine to hold that a man may put out his note and represent that it is "all right," and request and induce another to loan money on the strength of the note as collateral, and later be heard to say that the consideration for the note had failed, and that the person making the loan had notice that a part of the consideration for the note was an executory contract

of a third person, which might or might not be performed. The rights of the parties must be held to be fixed at the time the loan by the bank was induced and made, and if any loss result it must fall upon the person responsible for the situation causing the loss, in this case the plaintiff in error. This consideration seems to be entirely overlooked by counsel for the plaintiff in error.

[3] It appears that Hand, the vice president of the Ten Lakes Land Company, was indebted to the defendant in error, and when the loan was made to the company this debt was to be paid out of the proceeds of the loan, which was done. Counsel argue that this fact rendered the note in the hands of the bank void to the extent of the $2,000 owed by Hand to the bank, and likewise relieved Norment pro tanto. We know of no such doctrine. While a person who takes the note of a corporation in payment of the personal obligation of its officers is put upon inquiry as to the authority of the officer, still the note is not void, but only voidable, at the instance of the corporation. Until the corporation disavows the obligation, we cannot see how it lies in the mouth of a stranger to speak to such a question. And in this case, so far as appears, the Ten Lakes Land Company is perfectly satisfied with the transaction, and Norment is not in a position to make a defense for it which it does not desire to make for itself.

Many other propositions are presented in the briefs, most of which cannot be considered by reason of the doctrine applied in paragraph 1, above set out, and none of the others seems to have merit.

For the reasons stated the judgment of the district court should be affirmed, and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

## ON MOTION FOR REHEARING.

PARKER, J. A motion for rehearing has been filed, based entirely upon a misconception of what was said in paragraph 2 of the opinion heretofore filed. It is assumed in the motion that we placed the decision upon the ground of estoppel as applied to ordinary nonnegotiable

undertakings. In this plaintiff in error is confused and in error. Plaintiff in error offered, and was not permitted, to show that a part of the consideration for his note was, to the knowledge of the bank, an executory contract, which had not been performed at the time of the trial, and that consequently the consideration for his note had failed. He did not offer to show that the consideration for the note had failed when it was negotiated to the plaintiff bank, or that either he or the bank had notice or any reason to believe that it would fail. This clearly appears from the offer of proof made by plaintiff in error. What we held, upon that state of facts, was that the showing, had it been allowed, furnished no defense to the note. We did not found the holding upon the ground of estoppel, as applied to nonnegotiable undertakings, but upon the law of commercial paper, which precludes defenses of this kind under these circumstances. That knowledge of an indorsee that a part or all of the consideration for a note is an executory contract of a third person does not deprive him of the character of a bona fide holder unless he further knows that the consideration has already failed; and that such failure of consideration, under such circumstances, is no defense to the maker, see Flood v. National Bank of the Pacific, 165 Cal. 309, 132 Pac. 256, 46 L. R. A. (N. S.) 861, and note collecting the cases.

For the reasons stated, the rehearing is denied.

HANNA, C. J., and ROBERTS, J., concur.