[No. 2153, April 7, 1919.]
## FROSTENSON v. MARSHALL, et al.

### SYLLABUS BY THE COURT.

1.   An appellant cannot predicate error upon the refusal of the court to make findings, or exceptions filed to findings made, after the trial court has lost jurisdiction of the case.
P. 217

2.   It is well settled in this jurisdiction that, unless the findings of fact are specifically excepted to, an appellant is in no position to question the sufficiency of the evidence to sustain such findings.                                   P. 217

3.   The provisions of chapter 41 of the Code of 1915, describing and defining a legal fence and barring the recovery of damages caused by trespassing animals to lands not inclosed by such a fence, do not bar the recovery of damages and the award of injunctive relief, where the trespass complained of is proven to have been willfully committed.   P. 217

Appeal from District Court, Torrance County; Medler, Judge.

Suit by Nels Frostenson against W. A. Marshall and others for damages for willful trespass and for an injunction.   Judgment for plaintiff ,and defendants appeal. Affirmed.

HEACOCK & CORNELL, of Albuquerque, for the appellants.

Plaintiffs failed to erect a suitable and legal fence and therefore were not entitled to judgment.

Sections 2340, 2342, 2341, 2343, 2344, 2345, Code 1915; Hill v. Winkler, 151 Pac. 1014; Buford v. Houtz, 133 U. S. 320.

H. B. HAMILTON, of Carrizozo, for appellee.   FRANCIS C. WILSON and DANIEL K. SADLER, both of Santa Fe, of counsel.

Appellants cannot question sufficiency of evidence to sustain findings, because of no exception thereto.

Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294; Norton

v. Hopkins, 167 Pac. 425; State ex rel. Baca v. Board of County Commissioners, 165 Pac. 213.

The provisions of Chapter 61 of the Codification of 1915, describing and defining a legal fence, and barring the recovery of damages caused by trespassing animals to lands not enclosed by such a fence, do not bar the recovery of damages and the award of injunctive relief where the trespass complained of is proven to have been wilfully committed.

Hill v. Winkler, 21 N. M. 5 (13), 151 Pac. 1014; Jastro et al. v. Francis et al. No. 1918, decided February 16, 1918, and not yet officially reported; 3 Corpus Juris, Page 132, Sec. 402, note 48 and cases cited; Light v. U. S., 220 U. S. 523, 55 L. Ed. 571; Mower v. Olson (Utah) 164 Pac. 487; Bell v. Gonzales, 83 Pac. 639; 35 Colo. 138, 117 Am. St. Rep. 179. Same case, 9 Am. & Eng. Anno. Cases, 1094, and note; Sweetman v. Cooper, 76 Pac. 925; 20 Colo. App. 5; Monroe v. Connor, 61 Pac. 863; 24 Mont. 316; 81 Am. St. Rep. 439; Herrin v. Sieben, 127 Pac. 323; 46 Mont. 226; Chillicott v. Rea (Wash.) 155 Pac. 1114; Hall v. Bartholomew (Utah) 169 Pac. 943.

OPINION OF THE COURT.

ROBERTS, J.   Appellee filed his complaint in the district court of Torrance county, N. M., on the 25th day of November, 1916, praying damages for willful trespass alleged to have been committed by appellants on certain lands and crops owned or held by appellee under lease, by destroying certain fences inclosing such lands and driving their cattle in and upon such lands and crops, and permitting them to range upon such lands of appellee.   Appellee further prayed for an injunction against appellants, restraining them from continuance and repetition of such trespass.

The complaint alleged that such lands were fenced, but showed that they were not fenced by a legal fence as defined by sections 2340 to 2345, inclusive.   It also set forth the crops which had been theretofore growing upon said lands and which were alleged to have been destroyed by

appellants' cattle. By stipulation, a temporary restraining order was issued, restraining appellants from further trespasses until the final hearing of the case. Upon issue joined, the court heard the evidence, and on the 1st day of May rendered judgment upon certain findings of fact, which findings and judgment were filed with the clerk of the court on May 3d. From the judgment, an appeal was taken and a cost bond on appeal was filed on the same day. No exception was taken to any of the findings made by the court, but an exception was taken to the judgment. On June 19, 1917, appellants filed a request for certain findings by the court, all of which were refused. It is not necessary to set out the requested findings, but if the findings had been tendered in apt time and had been adopted by the court, judgment would necessarily have been entered for appellants.

[1] In this court appellants have filed six assignments of error, the first five all being directed against the action of the trial court in refusing to adopt the requested findings. No error can here, however, be predicated upon such refusal, because at the time they were rendered the court had no further jurisdiction over the cause. Chapter 15, Laws 1917. An appeal had been prayed for and allowed, and a cost bond had been filed. An appellant cannot predicate error upon the refusal of the court to make findings, or exceptions filed to findings made, after the trial court has lost jurisdiction of the case. Norment v. First National Bank, 23 N. M. 198, 167 Pac. 731.

[2] Nor can the appellants question the sufficiency of the evidence to sustain the findings made by the court. It is well settled in this jurisdiction that unless the findings of fact are specifically excepted to, an appellant is in no position to question the sufficiency of the evidence to sustain such findings. Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294; Hopkins v. Norton, 23 N. M. 187, 167 Pac. 425.

[3] Thus there is left for consideration but one question, and that is as to whether or not the trial court

should have found the issue in favor of the appellants because the appellee had failed to erect a fence inclosing such lands, as required by sections 2340 to 2345, inclusive, Code 1915. These sections, after defining a legal fence, which concededly appellee had not erected, provide:

"When any trespassing shall have been done by any cattle, horses, sheep, goats, hogs or other live stock upon the cultivated or inclosed ground of any other person, when the same is fenced as provided by section 2340, but not otherwise, such person may recover any damage that he may sustain by reason thereof. * * *" Section 2341.

It is appellants' contention that under the above provision the owner of land, not inclosed by a legal fence, is precluded from recovering damages for a willful trespass, and likewise from obtaining injunctive relief against a continuance of such willful trespass, but in this they are in error. This matter was definitely set at rest by the Supreme Court of the United States in the case of Light v. U. S., 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 571. That was a case instituted by the United States against Light to enjoin him from willfully turning his cattle upon the United States Forest Reserve. Colorado had a statute similar to the above-quoted provision of our statute. By section 2589, R. S. Colo. 1908, it was provided, after defining a legal fence, that no person or persons shall be allowed to recover damages for any injury to any crops, or grass, or garden products, or other vegetable products, unless the same, at the time of such trespass or injury, are inclosed by a legal and sufficient fence, as before described. The court said:

"Even a private owner would be entitled to protection against willful trespasses; and statutes, providing that damages done by animals cannot be recovered, unless the land had been inclosed with a fence of the size and material required, do not give permission to the owner of cattle to use his neighbor's land as a pasture. They are intended to condone trespasses by straying cattle; they have no application to cases where they are driven upon unfenced land in order that they may feed there. Lazarus v. Phelps, 152 U. S. 81, 38 L. Ed. 363, 14 Sup. Ct. 437; Monroe v. Cannon, 24 Mont. 324, 81 Am. St. Rep. 439, 61 Pac. 863; St. Louis Cattle Co. v. Vaught, 1 Tex. Civ. App. 388, 20 S. W. 855; Union P. R. Co. v. Rollins, 5 Kan. 176.

"Fence laws do not authorize wanton and willful trespass, nor do they afford immunity to those who, in disregard of property rights, turn loose their cattle under circumstances showing that they were intended to graze upon the lands of another."

Other cases to the same effect are Hill v. Winkler, 21 N. M. 5, 151 Pac. 1014; Jastro et al. v. Francis et al. 24 N. M. 127, 172 Pac. 1139; 3 Corpus Juris, p. 132, § 402, and note 48 and cases cited; Sweetman v. Cooper & Mulvane, 20 Colo. App. 5, 76 Pac. 925; Monroe v. Cannon, 24 Mont. 315, 61 Pac. 863, 81 Am. St. Rep. 439; Herrin v. Sieben, 46 Mont. 226, 127 Pac. 323; Chilcott v. Rea, 52 Mont. 134, 155 Pac. 1114; Hall v. Bartholomew (Utah) 169 Pac. 943.

Hence we conclude that the provisions of chapter 41 of the Code of 1915, describing and defining a legal fence and barring the recovery of damages caused by trespassing animals to lands not inclosed by such a fence, do not bar the recovery of damages and the award of injunctive relief where the trespass complained of is proven to have been willfully committed.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

PARKER, C. J. and RAYNOLDS, J., concur.

### SYLLABUS BY THE COURT.

