[No. 2722.   May 29, 1923.]

## STUMPF v. POHLE.

(SYLLABUS BY THE COURT.)

It is well settled in this jurisdiction that, where findings of fact are not specifically excepted to, an appellant cannot thereafter question the sufficiency of the evidence to support the same.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Suit by A. C. Stumpf against Alvin Pohle. From a judgment for plaintiff, defendant appeals. Affirmed.

W. A. Keleher, of Albuquerque, and T. P. Hogan, of Gunnison, Colo., for appellant.

T. W. Gibson, of Albuquerque, for appellee.

OPINION OF THE COURT.

BRATTON, J.   The appellee instituted this suit for the recovery of damages in the sum of $5,000 claimed by him to be due by reason of the appellant's having wrongfully, maliciously, without probable cause, and with intent to injure the appellee, made an affidavit before Modesto Ortiz, justice of the peace of precinct numbered 13 of Bernalillo county, for the issuance of a search warrant with which to search the house and home of the appellee, situated at 208 South Edith street, Albuquerque, for certain stolen goods and chattels belonging to the appellant and charged by him in such affidavit to have been concealed in said house and home of the appellee. Upon such affidavit the warrant issued, and an officer, in company with the appellant, went to the home of the appellee and there searched the premises, failing to find any of the articles described.

The appellant, by answer, admitted that he made the affidavit; that the warrant issued, and the premises were searched, with the result that none of the stolen property was found. He denied that he acted with

malice, without probable cause, or with intent to injure the appellee.

A trial was had before the court without a jury, at the conclusion of which findings of fact and conclusions of law were made. It was found, among other things, that the appellant made the affidavit; that the appellee's premises were searched; that none of the stolen goods were found; that in making such affidavit, and thereby causing such search to be made, the appellant acted maliciously and without probable cause. The court then concluded that the appellee was entitled to recover and fixed his damages at the sum of $400, for which sum judgment was rendered.

No specific exceptions were taken to the findings of fact and conclusions of law. At the conclusion thereof is found the recitation that the defendant, in open court, excepted to all such findings. No requested findings or conclusions were tendered by the appellant. Each of the assignments of error challenges the correctness of such findings and conclusions, and the entire argument made in appellant's brief relates to the insufficiency of the evidence to support them. Under the long-established rule of this court, we cannot review the findings of the trial court unless specific exceptions are made thereto, calling the attention of the trial court to the errors inhering therein. A general exception of this character is insufficient and forms no basis for review by this court. Southard v. Latham, 18 N. M. 503, 138 Pac. 205, 50 L. R. A. (N. S.) 871; Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294; Frostenson v. Marshall et al., 25 N. M. 215, 180 Pac. 287; Sandoval v. Unknown Heirs of Vigil et al., 25 N. M. 536, 185 Pac. 282; McGonigle v. Eagle Townsite Co., 25 N. M. 625, 187 Pac. 546. In Frostenson v. Marshall, supra, it is said:

"Nor can the appellants question the sufficiency of the evidence to sustain the findings made by the court. It is well settled in this jurisdiction that unless the findings of fact are specifically excepted to, an appellant is in no posi-

tion to question the sufficiency of the evidence to sustain such findings. Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294; Hopkins v. Norton, 23 N. M. 187, 167 Pac. 425."

And in McGonigle v. Eagle Townsite Co., supra, this court further said:

"As to the findings objected to, this question is disposed of by the case of Fullen v. Fullen, 21 N. M. 212, 153 Pac. 294. The only exception taken by appellant to the findings and judgment is as follows: 'As to all of which the defendants, the Eagle Townsite Company, excepts.' This exception, as stated by the court in the case of Fullen v. Fullen, conveys, under the circumstances in which it was made, no intimation that the decree was erroneous, or, if so, upon what ground. As appellant made no specific objection to the findings or judgment in the lower court, and asked for no findings, there is nothing here, in this regard, for review."

There being nothing properly before this court for review, the judgment must needs be affirmed, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.