[No. 3402. June 6, 1930.]

ALEXANDER HAMILTON INSTITUTE v. SMITH

[289 Pac. 596.]

See, also, 33 N. M. 631, 274 P. 51.

D. G. Grantham, of Carlsbad, for appellant.

J. M. Dillard, of Carlsbad, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

This is an action by appellee to recover upon a written contract wherein appellant enrolled as a student in a correspondence course known as Modern Business Course and Service. By said contract, appellee agreed to furnish to appellant certain text-books, lectures, literature, and service, appellant agreeing to pay therefor the sum of $136, $10 per month. Appellant paid the first installment and refused to pay further, whereupon this suit was commenced.

Appellant admits signing the contract, but alleged that he was induced to do so by the fraudulent representation of appellee's agent. He denied that appellee had performed the conditions of the contract upon its part to be performed.

The case was tried by the court without a jury. No specific findings of fact or conclusions of law were made by the court, and none were requested by either of the parties. The judgment recites a general finding of the issues in favor of the plaintiff.

█ █ Most of appellant's assignments of errors resolve themselves into this, that the judgment should have been for the defendant on the evidence. But it was for the district judge, and not for this court, to determine what conclusions the evidence would warrant. If the defendant desired a review of the whole case in this court, he should have had the facts found, as well as the conclusions of law dependent upon them, and we could then have determined whether the conclusions were well founded. This court sits, not to try cases de novo, but as a court for the correction of errors. See Murphy v. Hall, 26 N. M. 270, 191 P. 438; Morrow v. Martinez, 27 N. M. 354, 200 P. 1071; Merrick v. Deering, 30 N. M. 431, 236 P. 735;

Trustees of Town of Torreon v. Garcia, 32 N. M. 124, 252 P. 478. See, also, Moore v. Royal Oak Lumber, etc., Co., 171 Mich. 400, 137 N. W. 270, 271, and cases cited showing the practice there under a statute similar to our section 105—813, 1929 Comp. (section 4197, Code 1915). In section 746, 3 C. J., Appeal and Error, the proper mode of raising the objection that the evidence is insufficient to authorize a recovery or sustain a defense is pointed out. See, also, Blacklock v. Fox, 25 N. M. 391, 183 P. 402. We have not been cited to any holding that a motion for new trial is an appropriate manner of raising the objections, and in Moore v. Royal Oak Lumber, etc., Co. (Mich.), supra, where, as in the case at bar, a motion for new trial was presented, the court said:

"A motion for a new trial does not perform the office of supplying exceptions not taken at the trial."

The appellant assigns as error the failure of the trial court to make findings of fact and law as required by said section 105—813, 1929 Comp. (section 4197, Code 1915). This is unavailing because a trial court is not required to make specific findings of fact unless requested so to do. Bank v. Mining Company, 13 N. M. 424, 85 P. 970; Radcliffe v. Chaves, 15 N. M. 258, 110 P. 699; Springer Ditch Co. v. Wright et al., 31 N. M. 457, 247 P. 270. Appellant complains of certain holdings by the trial court. The trouble with this is that appellant assumes such holdings. There being no findings of law or fact, it is impracticable to analyze the processes by which the court reached his general conclusions. We have, however, read the briefs and examined the record sufficiently to get the general trend of the evidence, and are not impressed with appellant's claim that he was imposed upon.

There are other assignments of error, but these likewise are without merit. The appellee by supplemental praecipe unnecessarily brought into the record certain motions, answer of defendant, and demurrer thereto, etc. The case was tried upon the complaint, amended answer, and reply thereto. The additional matter brought into the record by appellee, being unnecessary for a proper review of the case, the cost of the same must be taxed against appellee.

The judgment is affirmed and the cause remanded, with directions to enter judgment against the sureties on the supersedeas bond, and it is so ordered.

PARKER and SIMMS, JJ., concur.

WATSON and CATRON, JJ., did not participate.