9 P.(2d) 384

**WINSTON v. ALLISON et al.**

No. 3623.

Supreme Court of New Mexico.

March 16, 1932.

J. D. Mell, of Santa Fé, and O. O. Askren, of Roswell, for appellant.

J. B. McGhee, of Roswell, for appellees.

PARKER, J.

The plaintiff, appellant, brought an action against a firm of real estate agents composed of W. Arthur Allison and George W. Arnston, in Chavez county, N. M., to recover a commission of 2½ per cent. upon the selling price of $10,000, which plaintiff alleged the defendants made to one Dr. W. T. Neely for property in the city of Roswell, N. M., the plaintiff having caused the said Dr. Neely to go to the defendants with the view of purchasing property in the city of Roswell. The plaintiff alleged that her claim against the defendants was in pursuance of a contract between the plaintiff and the defendants, which had been performed by plaintiff causing said Dr. Neely to go to the defendants with the view of purchasing property in the said city of Roswell. It turned out, however, that the plaintiff in her proof failed to show that the firm of Allison & Arnston sold Dr. Neely any property, but, on the other hand, it shows that the defendant Allison sold him his own residence property and did not account to the firm of Allison & Arnston for any commission. It thus appears that there was a failure of proof on the part of plaintiff, in support of her claim against the firm of Allison & Arnston, and for that reason alone the judgment of the lower court must be affirmed. The defendant Arnston died before the cause was tried, and it proceeded against the defendant Allison alone.

In the trial the plaintiff testified herself, and put on other proof, that the defendant Allison made a contract with her for a sale of his property to Dr. Neely, and that he would pay her a commission of 2½ per cent. on the selling price of the property. This testimony was denied by the defendant, Allison. The plaintiff argues here that the judgment in favor of the defendant is not supported by substantial evidence. This is an argument which we cannot entertain here, in the absence of findings of fact by the trial court. It is to be understood by the profession that the argument that a judgment is not sustained by substantial evidence will not be entertained in this court. In order to present to this court a question concerning the facts in a case tried to the court, it is necessary to request a finding of fact by the court and to except to a refusal to make the same, or if, in the opinion of counsel, an erroneous finding of fact is made, he must except thereto. In this way only can he present to this court a reviewable question. In this case the court made no findings of fact or conclusions of law, but simply entered a judgment in favor of the defendant and dismissed the complaint. So the plaintiff is not in a position to complain of the judgment rendered in the case. She cannot com-

plain of the judgment of dismissal of her complaint because she made no showing in support of the contract therein alleged to the effect that the firm of Allison & Arnston contracted with her for a commission of 2½ per cent. upon sales of real estate, and that they made a sale to Dr. Neely whom she had furnished. She cannot complain of the judgment dismissing her complaint upon the ground that the judgment is not sustained by substantial evidence, because none of the evidence offered by her was admissible in support of her complaint, and because, even if it had been relevant, she is not in a position to review any conclusion made by the trial court because she requested no findings of fact and none were made by the court. Harris & Maldonado v. Sperry, 35 N. M. 52, 290 P. 1022; Davis v. Tarbutton, 35 N. M. 393, 298 P. 941.

It follows from all of the foregoing that the judgment of the court below should be affirmed, and the cause remanded, and it is so ordered.

SADLER, J., concurs.

WATSON, J. (specially concurring).

I concur in affirming this judgment on the single ground stated in the foregoing opinion that, in the absence of findings or requests for findings, the only question here raised, the sufficiency of the evidence to support the judgment cannot be reviewed.

BICKLEY, C. J., and HUDSPETH, J., did not participate.