192 P.2d 315

**LILLIBRIDGE v. COULTER.**

No. 5081.

Supreme Court of New Mexico.

April 20, 1948.

Nils T. Kjellstrom, of Hot Springs, for appellant.

J. Benson Newell, of Las Cruces, for appellee.

COMPTON, Justice.

The appellee, plaintiff below, and the appellant, defendant below, were business partners. The trial court found that following the sale of appellee's interest in the business to a third party and the dissolution of the partnership, Lillibridge and Coulter agreed that the amount due Lillibridge in the settlement of their partnership affairs was $1,500.00, which Coulter later refused to pay, and rendered judgment accordingly. The parties waived written findings of fact and conclusions of law and only general findings as above stated were included in the judgment.

The first assignment of error is that the judgment is contrary to the facts and is unsupported by the evidence. If the defendant desired a review of the evidence in this court, he should have had the facts found as well as the conclusions of law dependent upon them, and we could then have determined whether the conclusions were well founded. This court sits, not to try cases de novo, but as a court for the correction of errors. Alexander Hamilton Institute v. Smith, 35 N.M. 30, 289 P. 596; Damon v. Carmean, 44 N.M. 458, 104 P.2d 735. In view of the state of the record we will not review the evidence.

The second assignment of error is that the court refused to permit the ap-

pellee to answer the following question propounded on cross-examination:

"If this was simply an agreement in which you sold your interest to Mr. Phipps why did you have Mr. Coulter sign that?" (Meaning the dissolution agreement.)

The scope of cross-examination is largely a matter resting in the sound discretion of the trial court and we can not say that the court abused such discretion in sustaining an objection to this question. Krametbauer v. McDonald, 44 N.M. 473, 104 P.2d 900.

The appellant next claims that the court erred in refusing to permit the dissolution agreement to be introduced in evidence during the cross-examination of the appellant. It was admitted in evidence as a part of the appellant's case. This assignment is also without merit.

The fourth assignment is that the court erred in refusing to allow a witness who had testified concerning a conversation had with the appellant to be cross-examined concerning another conversation with the parties to this case. The record shows that Thomas H. Boyle had been called by the appellee and had testified to a specific statement made by the appellant to the effect that if the appellee had been patient with him that he, appellant, would have paid the money, but now that suit had been filed he would not pay any of it unless the court gave judgment against him. On cross-examination the witness was asked about an entirely different conversation between the parties to this action. The trial court sustained an objection to the question on the ground it was not proper cross-examination, with the statement that any witness might be called when the appellant put on his case. The court did not err in its ruling. Krametbauer v. McDonald, supra.

The judgment will be affirmed and the case remanded to the district court with instructions to enforce its judgment, and to also render judgment against the sureties on the supersedeas bond, and it is so ordered.

BRICE, C. J., did not participate.

LUJAN, SADLER, and McGHEE, JJ., concur.