278 P.2d 790

Daryl GILMORE, Plaintiff-Appellant,

v.

W. E. BALDWIN, Sr., Defendant-Appellee.

No. 5836.

Supreme Court of New Mexico.

Jan. 6, 1955.

J. Benson Newell, Las Cruces, for appellant.

Shipley & Seller, Alamogordo, for appellee.

KIKER, Justice.

By his complaint, plaintiff sought damages for breach of contract. For answer, defendant asserted that the complaint failed to state a claim upon which relief could be granted, and denied generally the facts alleged in the complaint.

Because of that which follows herein, it is unnecessary to make any statement as to the facts at issue.

At a trial to the court without a jury, plaintiff presented his evidence and rested. Thereupon defendant moved for judgment in his favor on the ground that plaintiff had failed to make a prima facie case.

The motion was sustained, but judgment was not then entered. Nothing was then said about findings of fact or conclusions of law.

The trial was in April, 1953; and on July 29, 1953, a final judgment was entered for dismissal of the complaint on the basis of the previous ruling of the court.

At the time judgment was entered there were no findings of fact or conclusions of law. None had been requested.

Two months and nine days after judgment was entered, plaintiff, who had known of the entry of the judgment on the date it reached the clerk's office, filed requests for findings of fact and conclusions of law. All findings of material facts so requested were refused. No reason was given for the refusal.

Plaintiff appealed and assigned error upon the refusal of the court to give his requested findings of fact and conclusions.

■ Rules of practice, and orderly procedure, require that findings of fact and conclusions of law be made and that requests therefor be submitted before judgment is entered.

In this case at least three months passed between the date the trial closed and the date of judgment, and no request for findings or conclusions was made during that time.

Rule 52(b) (6) of the Rules of Civil Procedure, section 21-1-1 (B) (a) (6), N.M.S.A.1953, provides:

"A party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions."

Section 21-1-1 (52) (B) (b), N.M.S.A.1953, Rule 52(c), provides in substance that if a request is made not later than ten days after judgment the court may amend its findings or make additional findings and amend the judgment accordingly. The remainder of the section just referred to is not applicable to this case because no findings were made by the court.

In Hale v. Farmers Electric Membership Corporation, 1940, 44 N.M. 131, 99 P.2d 454, the trial judge, more than three months after the judgment was entered, filed a memorandum opinion which contained additional findings of fact, some of which were inconsistent with former findings, and some of which were not contained in the findings of fact which were incorporated in the judgment. The Court refused to consider the findings stated in the said memorandum, for the reason that they came too late.

In Frostenson v. Marshall, 1919, 25 N.M. 215, 180 P. 287, plaintiff as appellant, about forty-five days after judgment was entered, requested certain findings of fact. Error was assigned upon the refusal of the court to adopt the requested findings. The Court held error could not be predicated upon such refusal of the court below because when the request was made the trial court did not have jurisdiction over the case. This holding was because of Chapter 15, Laws 1917, which now appears as section 21-9-1, N.M.S.A.1953. See also Norment v. First Nat. Bank of Sante Fe, 1917, 23 N.M. 198, 167 P. 731. No mention was made of this section in the briefs of either party.

In Damon v. Carmean, 1940, 44 N.M. 458, 104 P.2d 735, it was held that findings of fact and conclusions of law made by the court after judgment was entered were too late and would not be considered.

Rule 52, supra, being section 21-1-1 (B) (b), N.M.S.A.1953, allows ten days and no more after the entry of judgment for the filing of a motion to amend the findings or make additional findings and amend the judgment accordingly. If this Rule is limited in its applicability to the cases in which the court has made findings, then the present case would come under Chapter 15, Laws of 1917, being section 21-9-1, N.M.S.A.1953, which limits the time for modification of judgment to not more than thirty days after the date of its entry, that being the time during which the court retains jurisdiction. Under either the Rule or Statute just mentioned, the plaintiff's request for findings and conclusions was made too late, and was properly denied.

In the case before the Court, there are no facts to be considered, no findings hav-

ing been made. Garcia v. Chavez, 1949, 54 N.M. 22, 212 P.2d 1052; Lillibridge v. Coulter, 1948, 52 N.M. 105, 192 P.2d 315; Winston v. Allison, 1932, 36 N.M. 120, 9 P.2d 384; Alexander Hamilton Institute v. Smith, 1930, 35 N.M. 30, 289 P. 596.

The judgment should be, and is hereby, affirmed.

COMPTON, C. J., and LUJAN, McGHEE, and SADLER, JJ., concur.