789 P.2d 624

Robert PENNINGTON,
Claimant–Appellee,

v.

CHINO MINES, Kennecott and Mitsubishi Partnership, Keenan & Associates, Respondents–Appellants.

No. 11533.

Court of Appeals of New Mexico.

March 1, 1990.

Beverly J. Singleman, Hubert & Hernandez, P.A., Las Cruces, Frederick H. Sherman, Sherman & Sherman, P.C., Deming, for claimant-appellee.

Charles E. Stuckey, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for respondents-appellants.

## OPINION

ALARID, Judge.

Appellant Chino Mines (employer) appeals the hearing officer's award of attorney's fees to appellee Pennington (claimant) under the interim provisions of the Workers' Compensation Act. NMSA 1978, § 52-1-54(C)(2) (Cum.Supp.1986). Employer challenges the hearing officer's judgment on the grounds that the evidence does not support the findings that employer acted in reckless disregard of the rights of claimant and that claimant suffered an economic loss. Claimant argues, in part, that employer's failure to submit findings and conclusions prior to entry of the judgment and order precludes evidentiary review by this court. We agree with claimant and affirm the hearing officer's decision. In addition, claimant requests we remand for determination of the issue of prejudgment interest. We find the hearing officer decided the issue and that remand is unnecessary.

This matter came before the hearing officer on March 3, 1989. The hearing officer indicated the proceedings would be bifurcated, and the issues of bad faith and economic loss were argued on that date. Arguments as to the total dollar amount of attorney's fees and a motion to supplement the record, together with closing arguments, were left for a later date. Claimant filed his petition for attorney's fees on March 17, 1989, filed a motion to supple-

ment the record on March 27, 1989, and filed requested findings of fact and conclusions of law on April 14, 1989.

Claimant's petition for attorney's fees and motion to supplement were argued at a hearing which occurred on April 18, 1989. At that time, the hearing officer indicated the parties could anticipate receiving a decision within approximately a week. The hearing officer entered findings and conclusions on April 25, 1989, and rendered a judgment and order on May 10, 1989. Employer then filed requested findings and conclusions on May 12, 1989.

■ We first note that under the Interim Act a hearing officer's decision is reviewable by this court "in the manner provided for other cases." NMSA 1978, § 52–5–8(B) (Cum.Supp.1986). In cases tried to the district court, a party must tender requested findings of fact and conclusions of law prior to the entry of judgment. *University of Albuquerque v. Barrett*, 86 N.M. 794, 528 P.2d 207 (1974); *Gilmore v. Baldwin*, 59 N.M. 51, 278 P.2d 790 (1955). We apply a similar rule to administrative proceedings tried by hearing officers of the workers' compensation division. Under Section 52–5–7(B), following an evidentiary hearing, a workers' compensation hearing officer is required to file a decision with the director within thirty days, unless the time for filing the decision is extended by the director. The decision also is required to contain findings of fact and conclusions of law. The failure of a party to file a timely request for findings of fact and conclusions of law, precludes evidentiary review by this court. *See Macnair v. Stueber*, 84 N.M. 93, 500 P.2d 178 (1972); *see also* SCRA 1986, 1–052(B)(1)(f).

■ Employer submits, and we agree, that Rule 1–052(B)(1)(h) requires that counsel be allowed a reasonable opportunity to submit requested findings and conclusions. However, we disagree with employer's contention that since the hearing officer did not specify a date for the submission of requested findings and conclusions, employer's failure to timely make such requests should not preclude review of the evidence in this case. Employer was aware

that claimant's requested findings and conclusions were filed on April 14, 1989, and that a decision from the hearing officer was forthcoming within approximately a week of the April 18, 1989 hearing. Moreover, as noted above, Section 52–2–7(B) requires the hearing officer to file a written decision, including findings of fact and conclusions of law, within thirty days. Employer had ample opportunity to submit requests. Nothing in the record before us indicates employer was deprived of the right to submit requests to the hearing officer and have them considered prior to entry of judgment. *See Gillit v. Theatre Enter., Inc.*, 71 N.M. 31, 375 P.2d 580 (1962).

■ Employer also argues that requested findings were submitted in sufficient time to allow the hearing officer to amend his findings or make additional findings pursuant to Rule 1–052(B)(2). We find this argument without merit. Employer made no motion pursuant to Rule 1–052(B)(2) or any applicable statutory provisions. *See Kipp v. McBee*, 78 N.M. 411, 432 P.2d 255 (1967). Further, nothing in the record indicates employer's requests were in any way brought to the attention of the hearing officer or that the hearing officer took any action concerning the issues now on appeal subsequent to the entry of judgment on May 10, 1989. *See Gillit v. Theatre Enter., Inc.* Accordingly, we decline to review the evidence in this case due to employer's failure to timely submit requested findings and conclusions for the hearing officer's consideration prior to entry of judgment.

■ In his answer brief, claimant argues the hearing officer erred by failing to decide the issue of prejudgment interest and requests we remand for determination of that issue. Claimant submitted proposed findings and conclusions on the issue of prejudgment interest and argues the hearing officer failed to rule on the issue in his decision since there are no specific references to prejudgment interest in the hearing officer's adopted findings and conclusions.

The hearing officer's final adopted conclusion of law states that any findings and conclusions "not expressly adopted are hereby expressly rejected." Further, failure to make a specific finding of fact is regarded as a finding against the party with the burden of establishing that fact. *Gibbons & Reed Co. v. Bureau of Revenue*, 80 N.M. 462, 457 P.2d 710 (1969); *Brundage v. K.L. House Constr. Co.*, 74 N.M. 613, 396 P.2d 731 (1964). The hearing officer's express rejection of findings not adopted and his failure to include findings regarding prejudgment interest indicate rejection of the factual basis for claimant's argument. We do not address the correctness of the hearing officer's decision because the only question claimant properly brings before us is whether the issue was decided. Thus, the issue of prejudgment interest was decided by the hearing officer, and claimant's request for remand is denied.

For the above reasons, the judgment of the hearing officer is affirmed. Claimant is awarded $1,000 in attorney's fees, to be paid by employer, for defending this appeal.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.