This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ELIZABETH GRIEGO-MELENDEZ,**

Worker-Appellant,

v.                                                                **NO. 29,719**

**SOUPER SALAD, INC. and**
**AIG DOMESTIC CLAIMS, INC.,**

Employer/Insurer-Appellee.

**APPEAL FROM THE NEW MEXICO WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Donald D. Vigil, P.C.
Donald D. Vigil
Albuquerque, NM

Garcia & Vargas, LLC
Santa Fe, NM

for Appellant

Hoffman Kelley, LLP
Jeffrey L. Federspiel
McKinney, TX

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Worker-Appellant Elizabeth Griego-Melendez (Worker) appeals from a compensation order denying her claims. We issued a notice of proposed summary disposition, proposing to uphold the decision of the Workers' Compensation Judge (WCJ). Worker has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

To briefly summarize the subject of this appeal, Worker's claims were denied as a result of the WCJ's determination that her injuries were from an accident that did not arise out of her employment. [RP 100, 103] Worker challenges this determination on appeal.

As we observed in the notice of proposed summary disposition, there are several published authorities that provide substantial guidance: *Williams v. City of Gallup*, 77 N.M. 286, 421 P.2d 804 (1966); *Luvaul v. A. Ray Barker Motor Co.*, 72 N.M. 447, 384 P.2d 885 (1963); and *Christensen v. Dysart*, 42 N.M. 107, 76 P.2d 1 (1938), *overruled on other grounds recognized by Sanchez v. Bd. of County Comm'rs*, 63 N.M. 85, 92, 313 P.2d 1055, 1060 (1957). In each of those cases, as in this case, the claimants sustained serious injuries after idiopathic falls to the ground at their places of work.

As the *Williams* court explained, "[f]or an injury to 'arise out of' the employment, there must be a showing that the injury was caused by a risk to which the plaintiff was subjected by his employment. The employment must contribute something to the hazard of the fall." 77 N.M. at 289, 421 P.2d at 806. "The basic rule, on which there is now general agreement, is that the effects of such a fall are compensable if the employment places the employee in a position increasing the dangerous effects of such a fall, such as on a height, near machinery or sharp corners, or in a moving vehicle." *Id.* (internal quotation marks and citation omitted).

In both *Williams* and *Christensen*, the injuries suffered in the course of the falls were held to be compensable because work-place conditions increased the harmful effects of the falls. Specifically, in *Christensen* the employee was on an elevated platform, 42 N.M. at 108, 76 P.2d at 2; in *Williams*, the worker was seated on a motorized scooter which was positioned on a ramp, 77 N.M. at 288, 421 P.2d at 806.

In *Luvaul*, by contrast, the employee experienced a dizzy spell, fell, and suffered a skull fracture when he hit the floor. 72 N.M. at 448, 384 P.2d at 886. Our Supreme Court observed, "we have a case in which the employee falls, while at work, on an ordinary ground-level, concrete floor, and, in the course of the fall, hits no machinery or other objects, nor does he fall from a platform or roof to the ground." *Id.* at 453, 384 P.2d at 889. Because "[a]ny person who falls . . . will strike the ground

3

or floor," the employment contributed nothing to the hazard of the fall. *Id.* at 455, 384 P.2d at 890. The *Luvaul* court therefore held that the injury did not arise out of the employment and was not compensable. *Id.*

As we explained in the notice of proposed summary disposition, we share the WCJ's opinion [RP 104] that this case is essentially controlled by *Luvaul*, rather than either *Williams* or *Christensen*. Unlike *Williams* and *Christensen*, Worker did not fall from a platform or some instrumentality that increased the risk of harm. Instead, as in *Luvaul*, she appears to have simply fallen from a standing position to the level floor. Under such circumstances, the employment could not be said to have contributed anything to the hazard of the fall.

Throughout her memorandum in opposition, Worker now takes the position that she hit her head on a table, rather than merely falling to the floor. [MIO 1-4, 6, 9, 14] Worker argues that this circumstance renders *Luvaul* inapplicable and her injuries compensable. [MIO 8-9] We are unpersuaded.

First, we note that Worker did not take a clear position below with respect to the table. Instead, she consistently adopted an either/or approach, contending that she might have hit her head on the table or merely have fallen to the floor. [DS 1-2; RP 84, 88] As such, Worker arguably waived any argument with respect to this matter on appeal. *See Sec. Pac. Fin. Servs. v. Signfilled Corp.*, 1998-NMCA-046, ¶ 18, 125

N.M. 38, 956 P.2d 837 (observing that a party waived any appellate argument with respect to an issue upon which he failed to submit specific findings at the district court level). Moreover, even if Worker's ambiguous request for a finding could be said to have adequately presented the question, the WCJ's failure to enter a finding in Worker's favor and its ultimate determination on the merits signify implicit rejection. *See Carpenter v. Ark. Best Corp.*, 112 N.M. 22, 27-28, 810 P.2d 1242, 1247-48 (Ct. App. 1990) (observing that when a WCJ does not make a specific finding on an issue, despite a request, the legal effect is a finding against the party with the burden of proof), *rev'd on other grounds*, 112 N.M. 1, 2, 810 P.2d 1221, 1222 (1991); *Pennington v. Chino Mines*, 109 N.M. 676, 679, 789 P.2d 624, 627 (Ct. App. 1990) (holding that "express rejection of findings not adopted and . . . failure to include findings [on an issue] indicate rejection of the factual basis for [the] claimant's argument").

Second, we disagree with Worker's repeated assertions that the evidence indicating that she had hit her head on a table was "uncontroverted" and "undisputed." [MIO 1, 3, 14] As support for her assertions in this regard, Worker relies on the deposition testimony of a witness, Pedro Hernandez-Barcaldo. [MIO 1-2, 6] However, the WCJ expressly stated that the deposition testimony of Mr. Hernandez-Barcaldo was "not considered" below because it was objectionable in some sense.

5

[RP 80] Worker has neither supplied any information about the basis for the WCJ's evidentiary ruling, nor challenged that ruling on appeal. As a consequence, we presume that the deposition testimony was properly excluded. *See Sandoval v. Baker Hughes Oilfield Ops., Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." (internal quotation marks and citation omitted)).

Moreover, it appears that the evidence supported conflicting inferences. Several witnesses appear to have reported that Worker simply fell to the floor. [DS 1; RP 15, 91] Based on this evidence "and the reasonable inferences arising therefrom," the WCJ could reasonably have determined that Worker merely stuck her head on the floor, without having hit her head on a table, such that her injury did not arise out of her employment. *Garcia v. Borden, Inc.*, 115 N.M. 486, 491-92, 853 P.2d 737, 742-43 (Ct. App. 1993); *see also Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 ("Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." (internal quotation marks and citation omitted)). We will not disturb this implicit

determination on appeal. *See Meyers v. W. Auto*, 2002-NMCA-089, ¶ 22, 132 N.M. 675, 54 P.3d 79 ("Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it." (internal quotation marks and citation omitted)); *Gallegos v. City of Albuquerque*, 115 N.M. 461, 464, 853 P.2d 163, 166 (Ct. App. 1993) (observing that it is for the WCJ, not the appellate court, to weigh the evidence).

In her memorandum in opposition, Worker also renews her argument that this case should be distinguished from *Luvaul* on grounds that she did not have a prior history of dizzy spells. [MIO 8] However, as we previously observed in the notice of proposed summary disposition and as the foregoing discussion indicates, this is a distinction without a difference. Worker's prior history is not material to our analysis. Rather, it is the existence of some enhanced or increased hazard to which the claimant was subjected by virtue of the employment which is critical.

Worker also continues to argue that this case should be controlled by *Williams* because in both cases the injuries were suffered after an idiopathic fall to the floor at the workplace. [MIO 5-6] However, as previously stated, the distinguishing feature in *Williams* was the use of the motor scooter on the ramp, which "contributed something to the hazard of the fall," such that the accident could be said to have arisen out of the employment. 77 N.M. at 290, 421 P.2d at 807. In this case, as previously

7

stated, there was no instrumentality or condition at the workplace that could be said to have contributed to the hazard of the fall. This state of affairs renders *Williams* distinguishable and *Luvaul* applicable.

Finally, in reliance on numerous out-of-state authorities, we understand Worker to encourage the Court to abandon the principles articulated in *Williams*, *Luvaul*, and *Christensen*, and instead to adopt the position that any idiopathic fall at the workplace should be compensable, regardless of whether any condition or instrumentality could be said to have contributed to the risk of the fall. [MIO 9-14] We are not inclined to depart from our long-standing jurisprudence, particularly in light of the fact that the controlling authorities were decided by the New Mexico Supreme Court. *See Aguilera v. Palm Harbor Homes, Inc.*, 2002-NMSC-029, ¶ 6, 132 N.M. 715, 54 P.3d 993 (stating that the Court of Appeals remains bound by Supreme Court precedent).

Accordingly, for the reasons stated, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**